# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE VERDICO, | ) | |
| | ) | Case No. 1:15-cv-00320 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| PREMIER DEBT ACQUISITIONS LLC, | ) | |
| | ) | **JURY DEMANDED** |
| Defendant. | ) | |

Now comes the Plaintiff, NICOLE VERDICO, by and through her attorneys, and for her Complaint against the Defendant, PREMIER DEBT ACQUISITIONS LLC, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337 and 1367, and 15 U.S.C. § 1692k(d). This jurisdiction includes supplemental jurisdiction with respect to pendent state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Oak Park, Illinois.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a limited liability company of the State of New York, which is not licensed to do business in Illinois, and which has its principal place of business in Brooklyn, New York.

## FACTS COMMON TO ALL COUNTS

9. During or about November of 2014, Defendant placed an automated telephone call to Plaintiff, informing Plaintiff to call the telephone number of (855) 977-2137.

10. When Plaintiff called the (855) 977-2137 telephone number, she spoke to an employee, agent and/or representative of Defendant, who identified herself as "Ms. Williams." During said communication, Plaintiff informed Ms. Williams that she was represented by a law firm with respect to the alleged debt and provided her attorneys' contact information. Ms. Williams went on to ask Plaintiff for her home address, in order to serve her a summons because she was being charged with theft and check fraud.

11. Despite having notice of Plaintiff's attorney representation, during or about November of 2014, and on or about December 8, 2014, Defendant placed multiple automated

telephone calls to Plaintiff, informing her to call the telephone number of (855) 977-2137. When Plaintiff called the telephone number of (855) 977-213, Ms. Williams would ask for Plaintiff's home address in order to serve her a summons for charges of theft and check fraud.

12.     Ms. Williams failed and refused to disclose the identity of the debt collector on whose behalf she was contacting Plaintiff, during all of her communications with Plaintiff.

13.     During or about November of 2014, Ms. Williams also placed multiple telephone calls to Plaintiff's father, in an attempt to collect the alleged debt. During said communications, Ms. Williams asked Plaintiff's father for Plaintiff's home address, in order to serve her a summons, as she was allegedly being charged with theft and check fraud.

14.     On or about December 8, 2014, Ms. Williams placed a telephone call to Plaintiff's aunt, in an attempt to collect the alleged debt. During said communication, Ms. Williams asked Plaintiff's aunt for Plaintiff's home address, in order to serve her a summons, as she was allegedly being charged with theft and check fraud.

15.     Plaintiff was embarrassed and humiliated when she had explained to her father that she was unable to pay the alleged debt, and that she was in the process of filing for bankruptcy protection. Moreover, Plaintiff routinely assists her father financially. Defendant's actions outlined above caused Plaintiff to suffer stress and aggravation, as she did not want her father to worry about her current financial situation.

16.     Until recently, Plaintiff had not spoken to her aunt for approximately fifteen years. Plaintiff was embarrassed and humiliated when she had to explain to her aunt that she was unable to pay the alleged debt, and that she was in the process of filing for bankruptcy protection.

17. Plaintiff is a single mother to one daughter. Ms. William's statements regarding charges of theft and check fraud caused Plaintiff significant stress, emotional distress and mental anguish, as she was worried about who would care for her daughter if she had to go prison.

18. In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

19. As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer stress, aggravation, emotional distress and mental anguish.

## COUNT I

20. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

21. Defendant violated 15 U.S.C. § 1692b(2) by communicating with a person other than Plaintiff and stating to such person that Plaintiff owes an alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT II

22. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

23. Defendant violated 15 U.S.C. § 1692b(3) by communicating with a person other than Plaintiff more than once in connection with the collection of the alleged debt without a proper purpose.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

24. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

25. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff after Defendant had been advised that Plaintiff was represented by an attorney with respect to the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT III

26. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

27. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a person other than Plaintiff in connection with the collection of the alleged debt without a proper purpose.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IV

 28. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

 29. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and/or abuse Plaintiff in connection with the collection of the alleged debt.

 WHEREFORE, Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

   d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT V

30. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

31. Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls to Plaintiff without meaningful disclosure of the caller's identity.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VI

32. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

33. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.    Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VII

34.    Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

35.    Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

    a.    Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT VIII

36. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

37. Defendant violated 15 U.S.C. § 1692e(4) by representing or implying that nonpayment of the alleged debt would result in the arrest or imprisonment of Plaintiff, where such action was unlawful and/or Defendant not intend to take such action.

WHEREFORE, Plaintiff prays for the following relief:

  a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT IX

38. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

39. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action that could not legally be taken and/or that was not intended to be taken.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

    b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

### COUNT X

40. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

41. Defendant violated 15 U.S.C. § 1692e(7) by falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

## COUNT XI

42. Plaintiff incorporates all of the allegations and statements made above as if reiterated herein.

43. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

WHEREFORE, Plaintiff prays for the following relief:

  a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her FDCPA claims in this action.

RESPECTFULLY SUBMITTED,

NICOLE VERDICO

By: /s/ David B. Levin
     Attorney for Plaintiff

David B. Levin
Attorney No. 6212141
Attorney for Plaintiff
Upright Litigation LLC
79 W. Monroe Street
5th Floor
Chicago, IL 60603
Phone: (312) 878-1867
Fax: (866) 359-7478
dlevin@uprightlaw.com